UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KENNETH MAYS,<br>   Plaintiff,<br><br>vs.<br><br>S.A. GODINEZ, *et al.*,<br>   Defendants. | )<br>)<br>)<br>)    No. 13-1114<br>)<br>)<br>)<br>) |

## SUMMARY JUDGMENT OPINION

Defendants Pfister, Reed, Brown, Miller, Godinez, and Lemke and Defendant Tilden have filed Motions for Summary Judgment on the issue of exhaustion [d/e 53, 55]. Plaintiff, a state prisoner, filed his lawsuit pursuant to 42 U.S.C. § 1983 claiming that his constitutional rights were violated at Pontiac Correctional Center. On March 27, 2013, the Court conducted a merit review of Plaintiff's Complaint and found that Plaintiff adequately alleged imminent danger in order to proceed *in forma pauperis* after he already accumulated three strikes under 28 U.S.C. § 1915(g), and that Plaintiff stated claims of deliberate indifference to his serious medical need and retaliation. Specifically, Plaintiff alleged that he experienced pain and disfigurement from an untreated tooth condition.

### A. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue

1

of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### B. ANALYSIS

The IDOC Defendants argue in their Motion for Summary Judgment that of the two grievances the Administrative Review Board (ARB) found relevant to Plaintiff's Complaint, neither was pursued in accordance with prison administrative rules before Plaintiff filed his lawsuit. Defendant Tilden argues that while Plaintiff may have filed grievances pertaining to his dental issues and alleged lack of treatment, he failed to follow the necessary steps of the Prison Litigation Reform Act (PLRA) to ensure that exhaustion was complete before filing his lawsuit. The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Therefore, if an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo*, 286 F.3d at 1025.

The Illinois Department of Corrections has an established grievance process. *See* 20 ILL. ADMIN. CODE §§ 504.800 *et seq*. An inmate is first required to speak with a counselor about the contested issue. 20 ILL. ADMIN. CODE § 504.810(a). If the counselor does not resolve the problem, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id*. The Grievance Officer submits his recommendation to the Chief Administrative Officer who "shall advise the offender of the final decision in writing within two months after receipt of the written grievance, where reasonably feasible." 20 ILL. ADMIN. CODE § 504.830(d). If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board within 30 days after the date of the Chief Administrative Officer's decision. 20 ILL. ADMIN. CODE § 504.850(a). The Director shall then review the findings and recommendations of the board and make a final determination within six months after receipt of the grievance. 20 ILL. ADMIN. CODE § 504.850(f). When an inmate has received a copy of the Director's decision, the grievance procedure is complete.

The IDOC Defendants discuss just two grievances as relevant to Plaintiff's Complaint; one was received by the ARB on June 6, 2011 and one was received September 18, 2012. They point out that the former was returned to Plaintiff because it did not include a grievance officer's report, and the latter was still pending at the ARB when Plaintiff filed his lawsuit on March 13, 2013. Defendant Tilden discusses the two grievances identified by the IDOC Defendants as well as a few more grievances concerning Plaintiff's allegations of dental issues and lack of treatment. Defendant Tilden argues that Plaintiff's various grievances do not suffice for exhaustion purposes for various reasons including failure to identify Defendant Tilden by name or description, failure to await the ARB's final decision on the July 20, 2012 and August 2, 2012

grievances before filing his lawsuit, and failure to mention Defendant Tilden within the context of dental care in any grievance.

In response to the IDOC Defendants' Motion, Plaintiff counters that he received responses to his grievances outside the timeframe provided by the Illinois administrative rules, the Defendants withheld grievances, and Defendants Godinez, the warden (Pfister), and Miller all know what is going on. In response to Defendant Tilden's Motion, Plaintiff again argues that he received responses to grievances outside the administrative rules' provided timeframes, he implicated Tilden as the HCU (Healthcare Unit) director in his grievances in connection with dental issues, his family made phone calls and sent letters to the ARB, warden (Defendant Pfister), and IDOC Director (Defendant Godinez) regarding his medical issues, and Plaintiff wrote letters all over Illinois seeking help. Plaintiff also emphasizes that the administrative rules allow a prisoner to still file a grievance where he does not know the individuals involved.

In his Reply, Defendant Tilden disputes that Plaintiff properly exhausted his claims against Dr. Tilden where Plaintiff did not refer to or implicate him in any grievances within the context of dental care. Defendant Tilden also disputes Plaintiff's reference to the timeframe provided for officials' responses to grievances where Plaintiff omitted the fact that the administrative rules provide that responses must be provided within the stated timeframes only where reasonably feasible under the circumstances.

In his Sur-Reply, Plaintiff again argues that Defendant Tilden was implicated in his various grievances, that some of his grievances were thrown away, and that Defendants did not turn over discovery and interrogatories regarding exhaustion.

Not dispositive is Defendant Tilden's argument that Plaintiff failed to properly exhaust by not including Defendant Tilden's name in any of his grievances and by not implicating Dr.

4

Tilden in any of his grievances within the context of dental care. Indeed, Section 504.810(b) provides that, "The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 Ill. Admin. Code § 504.810(b). However, the Seventh Circuit rejected a similar argument in *Maddox v. Love* and stated in relevant part:

> This argument fails because before this suit, Maddox's compliance with the grievance process was never in question. Maddox's grievance was rejected on the merits at every stage of review without any indication from prison officials that it was procedurally deficient. A procedural shortcoming like failing to follow the prison's time deadlines amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming. Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense.

655 F.3d 709, 721-22 (7th Cir. 2011) (internal quotations and citations omitted). Here, the majority of grievance forms Plaintiff filled out asked for just a "brief summary," which was a factor the *Maddox* court found significant when it discussed the requirements set forth in Section 504.810(b). Similarly, here as in *Maddox*, Plaintiff was not informed of any procedural deficiencies in his grievances relating to failure to identify particular individuals, and it is not a stretch to say that his grievances raising the issue of dental care served their function to alert prison officials to the problem and to request remedial action.

Nevertheless, the evidence in the record shows that Plaintiff's grievances regarding dental issues and treatment were not properly and fully exhausted before he filed his lawsuit on March 13, 2013. While he makes much of the fact that responses were not provided to him within the two-month and six-month timeframes set forth in Sections 504.830(d) and 504.850(f), he fails to acknowledge that those provisions also state that officials shall advise the offender

"where reasonably feasible under the circumstances." Plaintiff's grievances were just some of many received by prison officials on a daily basis, and the response delays here were not so egregious as to suggest that prison officials essentially made the grievance process unavailable or that Plaintiff's failure to await responses before filing suit should be excused.

While Plaintiff appeared to sign each of his grievances as emergency grievances, there is no indication in the record that he first pursued them as such. Because it appears that he chose to submit them through the normal channels as non-emergencies, he was required to await the completion of the ARB's review and his receipt of the Director's decision before filing his lawsuit. *See Pozo*, 286 F.3d at 1025 ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). Whether Plaintiff and his family wrote letters to various officials is immaterial; Plaintiff had to comply with the administrative rules which do not provide for exhaustion by writing letters.

Further, Plaintiff's contention that some grievances were thrown away is beside the point where there is ample evidence in the record that many of Plaintiff's grievances were not thrown away, were received, were addressed, and were fully responded to. As for Plaintiff's contention that he did not receive discovery on the issue of exhaustion, the docket reflects that discovery as to exhaustion proceeded, that disputes regarding it were resolved, and that Defendant Tilden provided Plaintiff with additional copies of his administrative records as a courtesy to Plaintiff. Even after construing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff's administrative remedies were truly available to him and that he simply did not await completion of the exhaustion process before filing his lawsuit. Defendants' Motions for Summary Judgment on the deliberate indifference to serious medical need claim will be granted.

Summary judgment will also be entered in favor of Defendant Michell on Plaintiff's claim of deliberate indifference to his serious medical need. *See Goldstein v. Fid. and Guar. Ins. Underwriters, Inc.*, 86 F.3d 749, 750 (7th Cir. 1996) ("[A] district court may enter summary judgment in favor of a party even if no motion for relief of that sort has been filed." (*citing Hunger v. Leininger*, 15 F.3d 664 (7th Cir. 1994))). While Defendant Michell did not file his own motion for summary judgment on the issue of exhaustion, he has been part of this case from the beginning, albeit as a "John Doe" due to Plaintiff's lack of knowledge as to Michell's real name when this case was filed.

Significantly, Plaintiff had notice that the Court was called upon to determine whether he properly exhausted his administrative remedies before filing his lawsuit. Plaintiff has been on notice for more than six months that the other Defendants challenged the Complaint where their Answers included the affirmative defense of exhaustion and where they filed Motions for Summary Judgment on the issue of exhaustion shortly after they filed their Answers. Defendant Michell also raised the affirmative defense of exhaustion in his Answer. S*ee Goldstein,* 86 F.3d at 750 ("The party against whom summary judgment is entered must have notice that the court is considering dropping the ax on him before it actually falls."); *and* FED. R. CIV. P. 56(f)(3) ("After giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."). Plaintiff had the opportunity to conduct discovery on the issue of exhaustion and to respond to the other Defendants' Motions for Summary Judgment on the issue of exhaustion, and he took advantage of both opportunities. Judicial economy is served by resolving of the exhaustion issue as to Plaintiff's deliberate indifference claim against all the named Defendants at one time, particularly where the Court cannot discern that the outcome would be any different

based upon the evidence and arguments already put forth. In other words, the analysis undertaken above applies equally to Defendant Michell and the other named Defendants.

Finally, the Court notes that neither the IDOC Defendants nor Defendant Tilden addressed the issue of whether Plaintiff exhausted his administrative remedies as to his claim of retaliation in their Motions for Summary Judgment. The Court is inclined to enter summary judgment against Defendants and in Plaintiff's favor on the question of whether he exhausted his administrative remedies on his retaliation claim. While the record reveals that the evidence and arguments presented on the question would be nearly identical to those presented regarding whether Plaintiff exhausted as to his deliberate indifference claim, there is evidence in the record that Plaintiff's grievance #053844 included a complaint about retaliation and that the ARB issued a final decision on that grievance on May 5, 2011. The parties may submit further briefs on that issue within 21 days of this Opinion. If they do not do so, this case will proceed on Plaintiff's retaliation claim and the Court will set new scheduling deadlines.

**IT IS THEREFORE ORDERED:**

**1) Defendants' Motions for Summary Judgment on the issue of exhaustion as they relate to the claim of deliberate indifference to serious medical need are GRANTED [d/e 53, 55]. This ruling applies to Defendant Michell as well.**

**2) The parties may file further briefs on the issue of whether Plaintiff exhausted his administrative remedies as to his retaliation claim within 21 days.**

ENTERED this 13th day of February, 2014.

s/ Joe B. McDade
_____
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE