E-FILED
Monday, 09 February, 2015 10:35:34 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| KENNETH MAYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-1114 |
| | ) | |
| S.A. GODINEZ, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT OPINION

Defendants Pfister, Reed, Brown, Miller, Godinez, and Lemke, and Defendants Tilden and Mitchell filed Motions for Summary Judgment on the issue of exhaustion [d/e 53, 55]. On February 13, 2014, the Court granted Defendants' Motions for Summary Judgment on the issue of exhaustion as it related to Plaintiff's claim of deliberate indifference to a serious medical need [d/e 100]. At that time, the Court granted leave for the parties to file supplemental Motions for Summary Judgment on the issue of exhaustion related to Plaintiff's retaliation claim. The parties have submitted supplemental motions [d/e 101, 103, 104], and the matter is before the Court on that issue.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine"

issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**ANALYSIS**

Plaintiff filed two grievances that appear to address the issue of retaliation: one filed on March 3, 2011 [d/e 101-2 at 3-4][1]; and, one was filed on March 7, 2011 [d/e 101-2 at 5-6]. The grievances addressed similar issues. The Grievance Officer combined the two into a single grievance #053844, and in one fell swoop on March 26, 2011, recommended to the Chief Administrative Officer (CAO) that the grievances be denied as moot. [d/e 101-2 at 2]. The CAO concurred on March 31, 2011, and the Plaintiff appealed. *Id.* The Administrative Review Board (ARB) denied the appeal on May 5, 2011. [d/e 101-2 at 1]. The Defendants do not argue that Plaintiff failed to properly exhaust the combined grievance prior to filing the present lawsuit with respect to the process required by the rules. Rather, Defendants contend that Plaintiff failed to identify, by name or inference, any of the defendants in the present lawsuit in the body of the grievance. Therefore, Defendants argue, Plaintiff failed to exhaust his administrative remedies for the retaliation claim.

Failure to exhaust is an affirmative defense, and therefore the burden of proof lies with the defendants. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). The Court must hold an evidentiary hearing if a disputed issue of material fact exists, *see Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), but where none is present, an evidentiary hearing is unnecessary and the

---

[1] Plaintiff filed two (2) grievances on March 3, 2011. In addition to the grievance discussed above, Plaintiff filed a grievance alleging denial of medical treatment for his wisdom tooth. [d/e 101-2 at 7]. This grievance does not mention retaliation. *See id.* Accordingly, this grievance is not relevant to the issue now before the Court and will not be discussed further.

issue of exhaustion may be decided as a matter of law. *Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

The Prison Litigation Reform Act (PLRA) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2013). The purpose of this requirement is to "alert the state to the problem and invite corrective action." *Turley*, 729 F.3d at 649 (internal citations omitted). The Seventh Circuit has adopted a strict compliance standard to exhaustion, and to exhaust remedies "a prisoner must properly use the prison's grievance process." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If the prisoner fails to follow the grievance procedures, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Id.*; *see Dole*, 438 F.3d at 809 (quoting same). "The 'applicable procedural rules' that a prisoner must properly exhaust are defined not by the PLRA, but by the prison grievance process itself." *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)).

The Illinois Administrative Code requires that prisoners provide "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN. CODE § 504.810(b). If names are not known, a prisoner "must include as much descriptive information about the individual as possible." *Id.* In the combined grievance #053844, Plaintiff alleges that he is not receiving medical care for high blood pressure and blood

clots. [d/e 101-2 at 3-7]. Plaintiff states further that he believes that he was not receiving medical treatment in retaliation for filing grievances. *Id.* Plaintiff specifically identifies "Dr. Carter" and "Dr. Fahim" in the grievance and alleges incidents at another facility. *Id.*

As noted above, the Seventh Circuit requires strict compliance with the grievance process. *See Dole*, 438 F.3d at 809. Illinois clearly requires that inmates identify the individuals involved, whether by name or description. 20 ILL. ADMIN. CODE § 504.810(b). While Plaintiff did not name any of the defendants in the combined grievances, prison officials decided the issue on the merits without reference to the now alleged procedural defects. "Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and the defendants cannot rely on the failure to exhaust defense." *Maddox*, 655 F.3d at 722; *see also Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004) ("[A] procedural default in state proceedings is fatal to the litigation in federal court only if the state tribunal explicitly relies on that default."). Read broadly, this is dispositive of the Defendants' claim. This rule, however, cannot be logically applied to the facts of this case.

In *Maddox*, the inmate did not name or attempt to describe any prison officials in his grievance. *Maddox*, 655 F.3d at 714. Instead, the inmate described an announcement made via the institution's television channel regarding the prison's decision to suspend religious services for a particular faith. *Id.* Prison officials responded to the grievance on its merits without reference to the inmate's failure to adequately identify the individuals involved. *Id.* at 714-15. The inmate complained about a prison administrative decision, and, as the Seventh Circuit reasoned, "it belies reason to suggest that prison administrators…were unaware of who was responsible for that decision." *Id.* at 722. In that scenario, the court stated that the inmate's

failure to identify the individuals involved "was a mere technical defect that had no effect on the process and didn't limit the usefulness of the exhaustion requirement." *Id.*

The facts of this case are distinguishable. Plaintiff specifically identified "Dr. Carter" and "Dr. Fahim" in the body of the grievances and describes events that happened at a prison facility other than Pontiac Correctional Center ("Pontiac C.C."), where the grievance was filed. Plaintiff was not complaining about a prison policy, but about specific acts committed by specific individuals at a different facility. As this Court has previously stated, "[i]t is logical to require a prison to enforce a procedural defect such as a missed deadline or improper method of filing in order to later rely upon it for a failure to exhaust defense." *Woods v. Schmeltz*, No. 13-CV-1477, 2014 WL 3490569, at *4 (C.D. Ill. July 14, 2014). In this case, however, Plaintiff named individuals other than the defendants in this case. There was no inference that individuals at Pontiac C.C. were responsible for the actions alleged. Therefore, unlike the prison officials in *Maddox*, it would have been impossible for prison officials at Pontiac C.C. to identify individuals within their facility responsible for the conduct that Plaintiff alleged, much less determine that a procedural defect upon which to reject Plaintiff's grievance existed. Plaintiff cannot now sue individuals at Pontiac C.C. merely because he filed the grievance at that facility. To argue otherwise would ignore the stated purpose of the PLRA's exhaustion requirement: to "alert the state to the problem and invite corrective action." *Turley*, 729 F.3d at 649.

Furthermore, as the Defendants point out, Plaintiff has pending litigation in the Northern District of Illinois for claims similar to this case that names "Dr. Carter" as a defendant. *See Mays v. Carter et al.*, No. 12-CV-7065 (N.D. Ill. filed Sept. 27, 2012). Presumably, Plaintiff is pursuing the claims alleged in his grievance in that case as Plaintiff has not pointed to any specific facts to suggest otherwise. In fact, Plaintiff has not offered any specific evidence

showing that the grievances he filed involved any of the defendants here as it relates to retaliation. Therefore, the Court cannot find that Plaintiff has properly exhausted the combined grievance #053844. *See Waldridge v. Amer. Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994) ("[I]f the non-movant [in a summary judgment proceeding] does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court must enter summary judgment against her." (citations omitted)).

For the foregoing reasons, the Defendants' Motions for Summary Judgment as to the Issue of Exhaustion concerning the retaliation claim are GRANTED.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motions for Summary Judgment on the Issue of Exhaustion as it relates to the claim for retaliation are GRANTED [d/e 101, 103]. Plaintiff's related motion [104] is DENIED. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs. Plaintiff remains responsible for the $350.00 filing fee.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v O'Brien*, 216 F.3d 626,**

**632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 9th day of February, 2015.


                     _____*s/ Joe B. McDade*_____
                               JOE BILLY MCDADE
                        UNITED STATES DISTRICT JUDGE